# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# Jacksonville Division

**NICHOLAS SCANDALIOS**

    **Plaintiff,**

v.                                              CIVIL ACTION NO.:

**TCC WIRELESS, LLC**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## DECLARATORY RELIEF REQUESTED

**COMES NOW** Plaintiff Nicholas Scandalios ("Plaintiff" or "Mr. Scandalios"), by and through the undersigned counsel, and hereby brings this Complaint against Defendant TCC Wireless, LLC ("Defendant" or "TCC") and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Mr. Scandalios is an adult male and a resident of Jacksonville, Florida.

2. Defendant TCC is a limited liability company with its principal place of business located in Bloomingdale, Illinois.

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1337, and the Fair Labor Standards Act ("FLSA").

4. This Court has the power to exercise supplemental jurisdiction over Mr. Scandalios' state law claim pursuant to 29 U.S.C. § 1367.

5. This Court has authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

6. The allegations of this Complaint involve acts and occurrences while Mr. Scandalios was employed by Defendant in Jacksonville, Florida. Venue is proper within the United States District Court for the Middle District of Florida, Jacksonville Division pursuant to 28 U.S.C. § 1391(b).

## COVERAGE

7. Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r), (s).

8. Defendant was Mr. Scandalios' "employer", as that term is defined by 29 U.S.C. § 203(d).

9. Defendant engages in commerce as defined by 29 U.S.C. § 203(b).

10. Defendant engages in retail telecommunication and internet sales offering cell phone, data plan, internet device, and accessory goods and services. Further, Defendant's employees regularly sell, handle, or otherwise work on goods or materials that have been moved or produced for commerce.

11. Defendant has had an annual gross volume of sales made or business done of not less than $500,000.00, and employed two or more employees.

## FACTUAL ALLEGATIONS

12. Defendant operates a business as a wireless telecommunication and internet goods and services provider.

13. Mr. Scandalios was employed by Defendant at one of Defendant's retail stores in Jacksonville, Florida from approximately September 2021 to February 17, 2022.

14. Defendant employed Mr. Scandalios as a full-time mobile expert, with duties and responsibilities that included for example, making in-store sales of cell phones, data plans, internet devices, and accessory goods and services. Mr. Scandalios' duties also included providing customer service support and information.

15. Mr. Scandalios was directly supervised by store manager, Karl Antoine at one of Defendant's retail stores.

16. Defendant agreed to pay Mr. Scandalios at the rate of $10 per hour plus commissions.

17. Mr. Scandalios regularly clocked in and out of a company computer at the beginning and end of his shifts.

18. At various periods during Mr. Scandalios' employment, Mr. Scandalios worked in excess of 40 hours per week for Defendant.

19. For the weeks in which Mr. Scandalios worked in excess of 40 hours per week, he was not paid overtime at the rate of one and one half of his regular rate of pay for all hours worked.

20. Mr. Scandalios was not paid for overtime pay owed despite the nature of his employment being non-exempt work requiring overtime pay for

work performed.

21. Upon information and belief, Mr. Antoine intentionally altered Mr. Scandalios' time entries after Mr. Scandalios had properly clocked in and out for his shifts.

22. The intentional time alterations by Mr. Antoine resulted in Mr. Scandalios' time entries being underreported to Defendant's payroll and administration, and consequently led to Mr. Scandalios not receiving compensation for all hours worked, including overtime.

23. In addition to Mr. Scandalios not being compensated for overtime, the intentional alterations to Mr. Scandalios' time entries also resulted in Mr. Scandalios not being compensated for all regular hours worked in accordance with the agreed upon hourly rate.

24. Mr. Scandalios also performed mobile expert services during other time periods such as meetings, group calls, and on-the-job training for which he was not fully compensated at his hourly rate of pay.

25. Defendant also agreed to pay Mr. Scandalios commissions for certain sales made during the course of his employment.

26. Defendant failed to pay Mr. Scandalios for all commissions earned.

27. For example, Defendant failed to pay Mr. Scandalios any commissions for his last commission pay period even though Mr. Scandalios made sales which earned such commissions.

28. It is also believed that of the commissions paid by Defendant to Mr. Scandalios, such payments were less than the amounts for which Mr. Scandalios earned and should have been paid.

29. Mr. Scandalios notified Defendant's agents and employees of Defendant's failure to properly pay Mr. Scandalios for all earned wages and compensation, to no avail.

30. Defendant, by and through its agents and employees, acted willfully by failing to pay Mr. Scandalios overtime compensation in accordance with the law.

31. All conditions precedent and exhaustion of administrative remedies, if any, to this action have been satisfied or waived, and this action is timely filed.

## COUNT I

### Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 207, *et seq*.-Overtime Violation

32. Mr. Scandalios restates and realleges each and every factual allegation contained in paragraphs 1 through 22 and 29 through 31 of this Complaint with the same force and vigor as if set out here in full.

33. Mr. Scandalios is a non-exempt employee under the FLSA.

34. Mr. Scandalios is entitled to overtime compensation at the statutory rate for all hours worked in excess of forty (40) hours in a given week.

35. Mr. Scandalios worked in excess of forty (40) hours per work

week during certain periods of his employment with Defendant.

36. Mr. Scandalios was not paid overtime compensation for all hours worked in excess of forty (40) hours in a given work week, as required under the FLSA.

37. By reason of Defendant's violation of the FLSA by failing to pay all overtime compensation to Mr. Scandalios, Mr. Scandalios is entitled to recover all amounts provided for pursuant to 29 U.S.C. §§ 207, 216.

38. Defendant's failure to pay overtime compensation was willful, and therefore Mr. Scandalios is entitled to liquidated damages pursuant to 29 U.S.C. § 216.

39. As a direct and proximate result of Defendant's deliberate underpayment of wages, Mr. Scandalios has been damaged in the loss of overtime wages during his employment with Defendant.

40. Mr. Scandalios has retained the services of The Law Office of Shands M. Wulbern, P.A., and has promised to pay said law firm reasonable attorney's fees and costs for which Defendant is liable pursuant to the statutory provisions under 29 U.S.C. § 216.

WHEREFORE, Plaintiff Nicholas Scandalios demands judgment against Defendant for the payment of all hours worked at a rate not less than the statutorily prescribed overtime wage, back pay, liquidated damages, or if liquidated damages are not awarded, then pre-judgment interest and post-

judgment interest at the highest allowable rate, attorney's fees and costs pursuant to 29 U.S.C. § 216, declaratory relief, and any other relief this Court deems just and proper.

## COUNT II

## Breach of Contract

41. Mr. Scandalios restates and realleges each and every factual allegation contained in paragraphs 1 through 6, 12 through 17, 21 through 29, and 31 of this Complaint with the same force and vigor as if set out here in full.

42. Mr. Scandalios and Defendant, by and through its agents, entered into a valid and enforceable agreement regarding compensation to be paid to Mr. Scandalios for his employment services to Defendant.

43. In consideration for the promises by Defendant to pay Mr. Scandalios, Mr. Scandalios agreed to perform mobile expert services for Defendant.

44. Mr. Scandalios performed his obligations under the agreement.

45. In material breach of the terms of the agreement, Defendant failed to pay Mr. Scandalios all compensation earned as agreed.

46. As a direct and proximate result of Defendant's material contractual breach, Mr. Scandalios has incurred damages of lost wages in the form of unpaid wage and commission compensation.

47. Mr. Scandalios has retained the services of The Law Office of Shands

M. Wulbern, P.A., and has promised to pay said law firm reasonable attorney's fees and costs for which Defendant is liable pursuant to the statutory provisions under Fla. Stat. § 448.08.

WHEREFORE, Plaintiff Nicholas Scandalios respectfully requests the Court to enter judgment against Defendant, and granting Mr. Scandalios: damages of all unpaid wages and commissions; attorney's fees and costs pursuant to Florida Statute § 448.08; pre-judgement and post-judgement interest; and such other relief that this Court deems is just and proper under the circumstances.

## COUNT III

### Unjust Enrichment (as alternative to Count II)

48.     Mr. Scandalios restates and realleges each and every factual allegation contained in paragraphs 1 through 6, 12 through 17, 21 through 29, and 31 of this Complaint with the same force and vigor as if set out here in full.

49.     During the course of his employment at Defendant, Mr. Scandalios performed mobile expert services for Defendant, for which he has not been fully compensated.

50.     Mr. Scandalios conferred the benefit of these services on Defendant which Defendant had knowledge of by virtue of Mr. Scandalios performing these services within the scope of his employment for Defendant.

51.     Mr. Scandalios conferred the benefit of these services on Defendant,

which Defendant appreciated, accepted, and retained.

52. Mr. Scandalios has suffered damages as a result of Defendant refusing to fully compensate Mr. Scandalios for the mobile expert services performed.

53. Under the circumstances, it would be inequitable and unjust for Defendant to retain the benefit of the mobile expert services performed by Mr. Scandalios without providing compensation to Mr. Scandalios for those services.

54. Mr. Scandalios has retained the services of The Law Office of Shands M. Wulbern, P.A., and has promised to pay said law firm reasonable attorney's fees and costs for which Defendant is liable pursuant to the statutory provisions under Fla. Stat. § 448.08.

WHEREFORE, Plaintiff Nicholas Scandalios respectfully requests the Court to enter judgment against Defendant, and granting Mr. Scandalios: damages equal to his unpaid wages and commissions; equitable relief in the form of restitution; attorney's fees and costs pursuant to Florida Statute § 448.08; pre-judgement and post-judgement interest; and such other relief that this Court deems is just and proper under the circumstances.

## COUNT IV

## Declaratory Judgment

55. Mr. Scandalios restates and realleges each and every factual allegation contained in paragraphs 1 through 22 and 29 through 31 of this

Complaint with the same force and vigor as if set out here in full.

56. Mr. Scandalios has a dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

57. The Court also has jurisdiction to hear Mr. Scandalios' request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

58. Mr. Scandalios may obtain declaratory relief.

59. Defendant has employed Mr. Scandalios.

60. Defendant is an enterprise.

61. Defendant is an employer.

62. Mr Scandalios is individually covered by the FLSA.

63. Defendant failed to pay Mr. Scandalios all applicable overtime as required under the FLSA.

64. Mr. Scandalios is entitled to overtime pay pursuant to 29 U.S.C. 207(a)(1).

65. Defendant did not rely upon a good faith defense.

66. Mr. Scandalios is entitled to an equal amount in liquidated damages.

67. It is in the public interest to have these declarations of rights recorded.

68. Mr. Scandalios' declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

69. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff Nicholas Scandalios demands a declaration of rights finding that an employer/employee relationship existed, Mr. Scandalios did not receive payment for all hours worked at a rate not less than the statutorily prescribed overtime wage, Defendant violated the overtime regulations, Defendant has a legal duty to pay Mr. Scandalios at a rate not less than the statutorily prescribed overtime wage rate, Defendant failed to prove a good faith defense, Mr. Scandalios is entitled to: payment of overtime wages, liquidated damages, and reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216.

## **DEMAND FOR JURY TRIAL**

Plaintiff Nicholas Scandalios demands trial by jury with respect to all issues, counts, claims, controversies and damages so triable.

Dated: April 8, 2022.

          Respectfully submitted,

          The Law Office of Shands M. Wulbern, P.A.

By:/s/ *Shands M. Wulbern*
    Shands M. Wulbern
    Florida Bar No. 0155217
    3000 Hartley Road, Suite 10
    Jacksonville, Florida 32257
    (904) 570-9233
    swulbern@wulbernlaw.com

*Trial Counsel for Plaintiff*