**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

Nicholas Scandalios,

     Plaintiff,

v.           Case No. 3:22-cv-400-MMH-LLL

TCC Wireless, LLC,

     Defendant.

---

**JOINT MOTION TO APPROVE SETTLEMENT
AND DISMISS CASE WITH PREJUDICE**

Plaintiff Nicholas Scandalios and Defendant TCC Wireless, LLC ("TCC"), through their respective undersigned counsel, together move this Court to enter an order: (1) approving the parties' settlement agreement reached in this action, which made claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, for breach of contract, unjust enrichment, and declaratory judgment; and (2) dismissing this case with prejudice. The parties urge the Court to find that the proposed settlement is fair, reasonable and adequate.

In support of this joint motion, the parties rely on their Brief in Support of Joint Motion to Approve Settlement and Dismiss Case with Prejudice, and the factual and legal authorities cited therein.

5154127.v1
4884-6975-2112.v4

**B**RIEF IN **S**UPPORT OF
**J**OINT **M**OTION TO **A**PPROVE **S**ETTLEMENT
**A**ND **D**ISMISS **C**ASE WITH **P**REJUDICE

### Statement of Issue Presented and Relief Requested

The parties have agreed to a full and final settlement with respect to Plaintiff's claims for unpaid overtime, liquidated damages, and all other damages and relief sought by Plaintiff in this lawsuit under the Fair Labor Standards Act and for breach of contract, unjust enrichment and declaratory judgment. Case law precedent provides that Court approval is required for a private-party settlement of FLSA claims. Where the parties' settlement represents a fair and reasonable resolution of this lawsuit, should this Court enter an order approving the proposed settlement as a full and final settlement of Plaintiff's claims under the FLSA?

The parties concur in the motion and both answer "yes."

4884-6975-2112.v4

## Introduction

This case involves a claim for overtime pay under the Fair Labor Standards Act, and for claims of breach of contract, unjust enrichment and declaratory judgment. Plaintiff's primary contention is that TCC failed to pay him for all hours worked, including regular and overtime hours more than 40 hours in a single work week.

Following the exchange of initial disclosures required by the parties in accordance with the FLSA Scheduling Order, and extensive negotiations between the Parties, the Parties have reached a resolution of this lawsuit, as represented in the Settlement Agreement attached as **Exhibit 1**. The Parties now seek this Court's approval of the Settlement Agreement and dismissal of this case with prejudice.

## Background

### *The Parties*

TCC is a limited liability company that was formed under the laws of the State of Delaware. TCC is an independent distributor of T-Mobile USA, Inc. TCC has retails stores wherein it sells both cellular phones, accessories and cellular phone plans, among other things, for T-Mobile.

On or about September 27, 2021, TCC hired Plaintiff as a Mobile Expert in its retail store located in Jacksonville, Florida. His employment was terminated on

3

February 17, 2022.  A Mobile Expert is an hourly employee who assists customers who enter the retail store.  Plaintiff was paid $10/hour throughout his employment with TCC.

### *The Claim and Defenses*

Plaintiff commenced this lawsuit on  April 8, 2022.  He claims that his time card was changed and therefore he was not paid for all straight and overtime compensation for hours worked.  Plaintiff also alleges he was not paid for all commissions earned.  Plaintiff's Complaint contains four counts.  Count I alleges a claim under the FLSA.  Count II alleges a claim for breach of contract.  Count III alleges a claim for unjust enrichment.  Count IV seeks a declaratory judgment.

TCC, on the other hand, denies any liability to Plaintiff for unpaid wages. TCC maintains that it satisfied its obligations under the FLSA by requiring Plaintiff to record his hours worked, retaining the required records under the FLSA, providing Plaintiff with a mechanism for correcting time, and paying Plaintiff consistent with the timecard records.  TCC further maintains that when Plaintiff availed himself of the appropriate policies to bring issues to management's attention, those issues were corrected and Plaintiff was paid accordingly.  As a result, not only is TCC not liable to Plaintiff under the FLSA, it has no liability under any of the common law theories asserted in the Complaint.

Plaintiff, however, claims that the retail store manager or district manager altered his time records after he clocked in and out for his shifts. Specifically, Plaintiff took photos of weekly schedules and time entries captured on TCC computers for certain weeks showing that Plaintiff's actual time worked did not match the final time records which TCC presented as Plaintiff's weekly hours worked. The final records showed fewer hours than Plaintiff's schedule and actual point in time photos of Plaintiff's time entries. Accordingly, Plaintiff claims that because of the time alterations, he was not paid for all regular and overtime hours worked.

TCC denied Plaintiff's claim of timecard alterations. TCC maintains it has established procedures and protocols to prevent off-the-clock work and assure accurate payroll records are kept for the entire statutory time period. TCC also has established policies to address and fix any payroll issues. Employees also receive a copy of TCC's Time Clock Adjustment Policy, to assure all employees are paid properly and to provide a mechanism whereby they can correct any mistakes in the recording of their time. This Time Clock Adjustment Policy is distributed to TCC's employees. Plaintiff received this policy.

Finally, the Employee Handbook provides that if employees have any questions regarding overtime or eligibility for overtime pay, they should contact their manager. Indeed, TCC maintains that when Plaintiff contacted his District

Manager regarding issues involving his paycheck, TCC made a correction to the time cards to correct the claimed deficiency and paid Plaintiff accordingly. Plaintiff agrees that he complained and notified his managers of the time alterations, but disputes that corrections were made for the time periods in dispute.

The parties each exchanged the required information under the Court's FLSA Scheduling Order.  TCC maintained that because it satisfied its time keeping and recording requirements under the FLSA, Plaintiff would need to sustain the burden of proof that he was not properly compensated.  Plaintiff maintains that he has screen shots of various time entries demonstrating that his timecards were altered.

Plaintiff's Answers to the Court's Interrogatories illustrate that Plaintiff is claiming a total amount of $1,958.30 for his FLSA claims, which includes liquidated damages, plus attorneys' fees.  Plaintiff also asserted claims for unpaid commissions, which amount was still subject to determination at the time the parties filed and exchanged their initial discovery responses.

Plaintiff and TCC negotiated and reached a full and final settlement of all claims.  Plaintiff agreed to provide a general release of claims against TCC and affiliated entities, releasing both the FLSA claims and the non-FLSA asserted in the lawsuit.  In exchange, TCC agreed to compensate Plaintiff for the amounts set forth in the Settlement Agreement.

6

Accordingly, the Parties now move this Court to approve the settlement as a fair and reasonable resolution of the instant dispute.

## Argument

As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.")  In approving such a settlement, a court should determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute." *Id.*  District courts may approve FLSA settlements "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.  When a court is asked to review and approve the terms of a settlement under the FLSA, there is "a strong presumption in favor of settlement." *Singh v. PetersenDean Roofing & Solar Sys., Inc.*, No. 617CV1110ORL41DCI, 2018 WL 3235572, at *1 (M.D. Fla. June 6, 2018), *report and recommendation adopted as modified*, No. 617CV1110ORL41DCI, 2018 WL 3219410 (M.D. Fla. July 2, 2018).  The settlement in this case is a reasonable resolution of a bona fide dispute.

4884-6975-2112.v4

First, the parties have a bona fide dispute over Plaintiff's entitlement to overtime compensation. Plaintiff's theory of the case is that he was entitled to additional pay for regular hours and hours worked in excess of 40 hours. TCC, on the other hand, maintains that Plaintiff was not entitled to overtime because, among other things, Plaintiff did not work the hours alleged, and that the time records did not support his claim. The parties' differing interpretations of the evidence and its impact served as motivation for the present settlement. This Court would, then, be required to resolve the parties' "good faith" disagreement, had they not resolved it jointly.

Second, the settlement reflects a fair and reasonable resolution of the case. At the commencement of this lawsuit, Plaintiff maintained that he is entitled to total hourly wage damages of $1,958.30, plus unpaid commissions, attorney's fees, costs and interest. TCC maintained that Plaintiff was not entitled to any compensation because Plaintiff was paid consistent with the timecard records. TCC also disputes whether it had a good faith basis for not paying Plaintiff the additional compensation, and that his entitlement to commissions was not due 180 days after his termination date per the terms of the commission agreement. According to TCC, the evidence does not establish clear entitlement to liquidated damages. *See* 29 U.S.C. § 255(a) and 29 U.S.C. § 260. Plaintiff maintains that the intentional alterations and falsification of his time records would support a claim

8

for liquidated damages.  As such, a settlement of $7,750 is a reasonable settlement of the disputed claim.  Indeed, $3,230.50 will more than compensate Plaintiff for his claim to unpaid wages plus liquidated damages, and his claim for commissions. TCC, however, only agreed to pay that amount, which is believed was more than any reasonable FLSA amounts, if it could also get a general release of claims, to which Plaintiff agreed.

Finally, the attorney's fees and costs  allocation of $4,519.50 is reasonable. Plaintiff's counsel  performed legal representation services which included: meeting and communicating with his client; reviewing and analyzing time records, schedules, and compensation records;  conducting legal research regarding the FLSA; preparing and filing  the Complaint; responding to court ordered discovery; reviewing and analyzing court ordered discovery produced; communicating with defense counsel; and negotiating this settlement.  Plaintiff's counsel submits that his current hourly rate of $325.00 per hour, for an attorney with over 23 years of litigation experience is a reasonable rate in this jurisdiction.  In 2016, Plaintiff's counsel was previously approved for the rate of $295 per hour in an FLSA action. *See Carmona v. UPCS, Inc.*, Case No. 3:14-cv-01019-BJD-JRK (M.D. Fla. May 2, 2016) (order adopting report and recommendation for default judgment). Plaintiff's counsel expended 15.80 hours in litigating this case for an actual amount of $5,135.00.  Plaintiff's counsel has discounted his normal rate for this case.

Plaintiff incurred costs in the amount of $457.00, which included the lawsuit filing fee ($402.00) and process server fee for lawsuit service ($55.00).

Following an open and full debate over the legal and factual issues, the parties, who have been always represented by counsel, agreed that the negotiated terms of the settlement represent a fair, reasonable and just compromise of the disputed issues. By settling this matter at this time and under the agreed-to terms, Plaintiff agreed to avoid the risk of losing the case, and TCC has agreed to resolve this matter and to pay additional sums to avoid risk of further expenditure of their respective time and money in litigating these issues and to obtain a complete release of all potential claims, including those alleged in the Complaint. The parties share an interest in fully and finally resolving the issues raised in this action and to have a full and final separation and resolution of all employment related claims. Because the parties recognized the expense and risks associated with prosecution and defense through trial, and any possible appeal, as well as the risk of uncertainty of the outcome inherent in any litigation, they agreed to be bound by the Settlement Agreement, which they now ask this Court to approve. The undersigned jointly submit that the Settlement and General Release Agreement constitutes a fair and reasonable resolution of a *bona fide* dispute, in accordance with *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). *See also Boaz v. Federal Express Information*

10

*Services, Inc.*, No. 12-5319, 2013 WL 3985015 (6th Cir. Aug. 6, 2013) (permitting FLSA waivers only under DOL or court supervision).   In approving and entering the consent decree, the Court will thereby promote the policy of encouraging settlement in litigation.  *Id.* at 1354.

The inclusion of a broad general release provision does not affect the fairness and reasonableness of the settlement.  The payment of this settlement amount is intended to settle not only the FLSA claim, but all other employment related claims, and the settlement recognizes an allocation in that regard.  The Complaint filed in this matter raised more than a single count for an FLSA violation; rather it included common law claims of breach of contract, unjust enrichment and declaratory judgment.  Courts have allowed such general releases where the employee not only receive compensation in addition to the benefits to which he was entitled under the FLSA, but when "such releases [were] mutual and confer[red] a benefit on the [employee]."  *See, e.g., Weber v. Paramount Transportation Logistics Services, LLC*, Case No. 2-c-627-FtM-38CM (M.D. Fla. Nov. 8, 2018); *Caamal v. Shelter Mortg. Co.*, No. 6:13-CV-706-ORL-36, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013) (citing cases where courts have approved settlement agreements when employee received additional consideration in exchange for concessions to the employer that went beyond release of FLSA claims). Such additional provisions made part of the FLSA settlement agreement

have been approved, especially where the resolution of the FLSA claim is reasonable. *Id.; see also Stevenson v. RBC Bank USA, Inc.*, No. 6:10-cv-1624-Orl-28DAB, 2011 WL 4412155 at *1 (Aug. 19, 2011), *adopted* 2010 WL 4411777 (M.D. Fla. Sept. 22, 2011); *Capers v. Noah's Ark Repair Serv., Inc.*, No. 6:11-cv-457-Orl 28TBS, 2013 WL 3153974 at *3 (M.D. Fla. June 19, 2013) (presence of mutual non-disparagement clause confers a benefit to plaintiff and can be considered as part of a fair compromise); *Buntin v. Square Foot Mgmt., Co., LLC*, 6:14-cv-1394-Orl-37GJK, 2015 WL 3407866 at *2 (M.D. Fla. May 27, 2015) (approving a settlement agreement that contained a general release because it was exchanged by a mutual general release and a neutral reference by employer).

Here, Plaintiff is provided additional monetary compensation in return for the general release and confidentiality provisions. These additional provisions are therefore sufficient to justify these additional provisions in the Settlement Agreement. *Lopez v. Neoguard Pest Solution Services, Inc.*, No. 6:19-cv-364-Orl-40DCI, 2019 WL 5188331 (M.D. Fla. Aug. 12, 2019) (general release and confidentiality provisions are permissible where plaintiff is provided separate consideration for such provision); *Smith v. Aramark Corp.*, No. 6:14-CV-409-ORL, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014) (approving settlement agreement with general release and waiver, confidentiality and non-disparagement clauses).

Finally, Plaintiff is represented by experienced counsel in this case, and there is no indication that there is improper collusion or of the abandonment of a valuable claim unrelated to the FLSA claims in the Complaint.  Further, although Plaintiff would be bound by the limited confidentiality agreement, he may state that the lawsuit has been resolved and settlement agreement is part of the public record.  As such, these provisions do not otherwise undermine the purposes of the FLSA.  *See, Lopez,* No.  6:19-cv-364-Orl-40DCI at *2.

Plaintiff has reviewed the Settlement Agreement under which he has voluntarily decided to fully and finally settle his claims.  Both parties are represented by counsel.  Plaintiff had the benefit of conferring with his counsel, who has litigated other FLSA and other employment matters.  There is no indication that the parties reached the agreement by virtue of anything other than arms-length negotiations.  Settlement resolves the uncertainty of case outcomes for both parties.  Under these circumstances, the parties believe that their settlement represents a fair and reasonable resolution of their disputes under the FLSA, and the additional provisions do not affect the overall fairness and reasonableness of the settlement.

Finally, the public interest is served by the proposed settlement as it provides relief to Plaintiff, and eliminates the inherent risks both sides would bear if this litigation were to continue.  Given the circumstances, the presumption of fairness

should attach to the proposed settlement.  *See Lynn Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

<u>Conclusion</u>

For these reasons, the parties request that the Court enter an Order approving the settlement as a full and final settlement of Plaintiff's claims and a corresponding order of dismissal.

 /s/ *Shands M. Wulbern*
Shands M. Wulbern
Florida Bar No.: 0155217
The Law Office of Shands M. Wulbern, P.A.
3000 Hartley Road, Suite 10
Jacksonville, Florida 32257
904.570.9233
swulbern@wulbernlaw.com

*Attorney for Plaintiff*

/s/ *Patrice S. Arend*
Christopher A. Anderson (FLBN: 105696)
Gilligan, Gooding, Batsel, Anderson & Phelan, P.A.
1531 S.E.36th Avenue
Ocala, Florida  34471
352.867.7707
canderson@ocalalaw.com
peining@ocalalaw.com

Patrice S. Arend (P56962)
Jaffe, Raitt, Heuer & Weiss, P.C.
27777 Franklin, Suite 2500
Southfield, Michigan  48034
248.351.3000
parend@jaffelaw.com

*Attorneys for Defendant*

4884-6975-2112.v4

## Certificate of Service

I hereby certify that on September 23, 2022, I electronically filed *Joint Motion to Approve Settlement and Dismiss Case with Prejudice and Brief in Support* with the clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

/s/ *Shands M. Wulbern*
Shands M. Wulbern

15

4884-6975-2112.v4