United States District Court
Middle District of Florida
Jacksonville Division

**NICHOLAS SCANDALIOS,**

    Plaintiff,

v.                                                          **NO. 3:22-cv-400-MMH-LLL**

**TCC WIRELESS, LLC**

    Defendant.

_____

### Report and Recommendation Approving Settlement Agreement

The parties, Nicholas Scandalios, and TCC Wireless, LLC, request approval of their proposed settlement agreement under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq*. Doc. 14. The motion has been referred for the issuance of a report and recommendation as to whether the settlement is a "fair and reasonable resolution of a bona fide dispute," as required by *Lynn's Food Stores, Inc. v. U.S. ex rel. Department of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982). Doc. 3.

### Background

Defendant is a Delaware limited liability company that operates retail stores, including a location in Jacksonville, Florida. Doc. 1 ¶¶ 2, 10, 13. Plaintiff worked for defendant as a mobile expert for almost five months, from September 2021 until February 2022. *Id.* ¶¶ 13, 14. His duties included sales and providing customer service. *Id.* ¶14. He was paid $10 per hour plus commissions. Doc. 9 ¶¶ 4, 5.

1

In April 2022, plaintiff filed suit alleging defendant violated the FLSA (count I) and breached an employment agreement (count II) by failing to pay plaintiff all his wages, overtime wages, and commission earned.[1] Docs. 1 at 5-8; 14 at 4. Plaintiff also asks the Court to issue a declaratory judgment (count IV) that the parties were in an employee/employer relationship, plaintiff did not receive payment for all overtime hours worked, and defendant violated overtime regulations. Docs. 1 at 8-11; 14 at 4. Defendant timely answered, doc. 6; plaintiff submitted answers to court interrogatories, doc. 9; and defendant submitted a verified summary of hours worked by plaintiff, doc. 10, as required by the Court's scheduling order. doc. 3. The parties then notified the Court they had reached a settlement agreement to resolve plaintiff's claims. Doc. 12. The parties assert this settlement is fair and reasonable. Docs. 12, 14.

## Authority

The FLSA reflects Congress' intent "to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). Unlike many legal claims, the parties may not bargain away the FLSA's protections. *Id*. at 708. If an employee proves a violation of the FLSA, the employer must pay him the unpaid wages, an equal amount of liquidated damages, and attorney's fees and costs. 29 U.S.C.§ 216(b). There are two ways to settle an employee FLSA claim: one is where an employee accepts payment

---

[1] Plaintiff also brings a count for unjust enrichment (count III) as an alternative for count II. Docs. 1 at 8-11; 14 at 4.

issued directly under the supervision of the Secretary of Labor; the other is under a stipulated judgment entered by a court that has reviewed the proposed settlement. *Lynn's Food,* 679 F.2d at 1353, 1355 (citation omitted).

In acknowledgment of FLSA's public policy considerations, such as the unequal bargaining power between employees and their employer, the Eleventh Circuit has limited the ability of private parties to independently settle suits brought under the act. *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013). Thus, in an action brought under 29 U.S.C. § 216(b) for "back wage[s] or liquidated damage[s]," the Court must "scrutinize[] the settlement" and make a finding that the proposed compromise represents a "fair and reasonable" resolution "of a bona fide dispute over FLSA provisions." *Lynn's Food,* 679 F.2d at 1353, 1355. If the settlement agreement reflects a reasonable compromise, the Court may "approve the settlement . . . to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

A court should presume that a settlement is fair and reasonable. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977). "In addition to examining the merits of a proposed settlement and ascertaining the views of counsel . . . practical considerations may be taken into account." *Id.* at 1330. Of note are whether fraud or collusion drove the settlement, the complexity of the case, the costs of litigation, the stage of the proceedings, the likelihood of success on the merits, counsel's opinions, and the range of possible recovery. *Leverso v. SouthTrust Bank of Ala., Nat'l. Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994). The FLSA provides for reasonable attorney's fees. 29 U.S.C. § 216(b). If the parties negotiated attorney's fees separately from the damages to be

awarded to plaintiff, then the Court need not undertake a lodestar review of the attorney's fees for reasonableness. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M. D. Fla. 2009).

## Analysis

### A. Settlement of FLSA claim

In the joint motion, the parties represent that their proposed settlement agreement is fair and reasonable as required by *Lynn's Foods*. Having considered the motion, doc. 14, and scrutinized the settlement, doc. 14-1, I find the settlement should be approved, particularly considering the protracted costs, time, and uncertain outcome of any litigation, and the relatively small amount of compensation at issue.

Plaintiff alleged he is owed $1,958.30 for unpaid wages and overtime, damages, including liquidated damages, and an unspecified amount for unpaid commissions. Docs. 9 at ¶ 6(e), 14 at 6. Under the proposed settlement, plaintiff will be awarded $7,750. Doc. 14-1 ¶ 1. Of that amount, $3,230.50 is payable to plaintiff[2] for his lost wages, lost back pay, liquidated damages, penalties, and other compensatory and statutory damages. Doc. 14-1 ¶(1)(a). The amount proposed to be paid to plaintiff is $1,272.20 more than his claimed damages of $1,958.30. *Id.* ¶¶ 1, 1a.

In support of their proposed settlement, the parties explain they have a bona fide dispute over plaintiff's entitlement to overtime compensation. Doc. 14 at 8. The parties dispute whether plaintiff is owed wages or overtime. Plaintiff claims that the

---

[2] $4,519.50 is payable to plaintiff's counsel as discussed below. Doc. 14-1 at 1(b).

timecards recording the hours he worked were altered by management. Doc. 14 at 4. He states he would take pictures of the hours he logged and then when shown the final time records there would be fewer hours and different times. Doc. 14 at 5. Plaintiff alleges that because of these alterations, he was not paid for both the overtime hours and regular hours he worked, and so he argues, he is also entitled to liquidated damages under the FLSA, 29 U.S.C § 260. Doc. 14 at 8.

Defendant, however, argues it does not owe plaintiff any unpaid wages and maintains that it satisfied the FLSA by requiring plaintiff to record the hours he worked, keeping records, giving plaintiff a way to correct his time, and paying plaintiff consistent with their records. Doc. 14 at 4. Defendant denies any alterations to plaintiff's time records and claims that when plaintiff came to management with issues about the records or pay, they were corrected and paid. *Id.* at 4-5. Defendant therefore argues that the facts do not support a claim for liquidated damages. *Id.* at 8-9. Defendant further notes that all employees receive a copy of the time adjustment policy and can correct any mistakes by going to their manager. *Id.* at 5. While plaintiff admits to having contacted his manager about the discrepancies, he disputes that defendant made the corrections he requested. *Id.* at 6. Plaintiff also asserts he is owed an unspecified amount for unpaid commissions; while defendant argues any commissions owed to plaintiff were not due 180 days after his termination. *Id.* at 8-9.

The parties claim these differing interpretations of the evidence would require the Court to resolve several factual disputes, subjecting the parties to risks inherent in litigation. Plaintiff attests that by settling this matter, he avoids the risk of losing the

5

case; while defendant has agreed to resolve the case at amount higher than plaintiff claimed he was entitled to in order to avoid protracted litigation and costs. *Id.* at 10. The parties debated the legal and factual issues and agreed that both parties are aware of the expense and risk associated with trial and share an interest in resolving their issues through the proposed settlement. *Id.*

I am satisfied this case involves disputed issues of liability under the FLSA constituting a bona fide dispute. In making this determination, I consider that both parties are represented by their own counsel in negotiating the settlement. *Lynn's Food Stores*, 679 F.2d at 1354 (explaining that where an employee is represented by an attorney, a settlement submitted for court approval is "more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching."). Both parties have fully and carefully read the agreement and have had the opportunity to consult their counsel. Doc. 14-1 at 4. Plaintiff agrees that defendant has made no promises or threats to cause him to sign the agreement and acknowledges that all releases set forth are made knowingly and voluntarily. I find the proposed settlement a reasonable compromise of a bona fide dispute.

### B. General Release and Confidentiality Provisions

The proposed settlement contains a general release clause releasing defendant from all "liabilities, claims, demands, obligations, and cause of action" related to the claims "from or relating in any way to [plaintiff]'s employment with [defendant]." *Id.* ¶ 3(a). Thus, in assessing the fairness of the settlement, I must also consider whether

6

the release of claims in the settlement agreement renders it unreasonable. *DeGraff v. SMA Behav. Health Servs. Inc.*, 945 F. Supp. 2d 1324, 1329 (M.D. Fla. 2013) (citations omitted). The general release specifies that plaintiff

> fully and completely releases and forever discharges [defendant] from any and all liabilities, claims, demands, obligations, and causes of actions . . . . That [plaintiff] may now or in the future have against any of [defendant] as a result of any fact, matter or thing existing as of the date of this Agreement, including but not limited to any claims arising from or relating in any way to [plaintiff]'s employment with [defendant], including but not limited to the following: (a) any claim for wages, salary, commissions, royalties, or reimbursement of expenses . . . . (b) any claim of wrongful discharge, retaliatory discharge or constructive discharge; (c) any claim of discrimination . . . . (d) any claim of violation under any federal or state statutes or common law of any other state law, statute, ordinance or contract …. (e) any claim relating to a failure on the part of the [defendant] as to any duty or obligation to [plaintiff] or commitment by [defendant] of any tort or wrongful conduct; and (f) any claim for attorney fees, penalties, or costs.

Doc. 14-1 ¶ 3. Additionally, the settlement agreement contains a confidentiality clause which prevents the parties from "disclos[ing] to any other person, any term or condition in this Agreement. . . . unless compelled to do so by law, subpoena, or other court order." *Id.* at ¶ 7.

"Courts typically disfavor general release clauses in FLSA settlement agreements." *DeGraff*, 945 F. Supp. 2d at 1329 (citations omitted). *See also Bright v. Mental Health Res. Ctr. Inc.*, No. 3:10-cv-427-J-37TEM, 2012 WL 868804, at *4 (M.D. Fla. Mar. 14, 2012) ("Pervasive, overly broad releases have no place in settlements of most FLSA claims."). General release clauses create a concern that plaintiff may give

7

up "an unknown, but valuable claim that is completely unrelated to the FLSA claim, and which confers an undeserved and disproportionate benefit on the employer and effects an unanticipated, devastating and unfair deprivation on the employee." *Coleman v. Target Corp.*, No. 6:12-cv-1315-Orl-37GJK, 2013 WL 867891, at *6 (M.D. Fla. Mar. 1, 2013) (citation and quotations omitted). And confidentiality clauses are generally disfavored because they "thwart[] Congress's intent to ensure widespread compliance with the FLSA." *Pariente v. CLC Resorts and Dev., Inc.,* No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Nov. 14, 2014) (quotations and citation omitted).

Courts in the Middle District of Florida, however, have allowed general releases and confidentiality clauses in settlement agreements when separate consideration is provided for those provisions. *Lopez v. Neoguard Pest Sol. Servs., Inc.*, No. 6:19-cv-364-Orl-40DCI, 2019 WL 5188331, at *2-*3 (M.D. Fla. Aug. 12, 2019), *report and recommendation adopted*, 2019 WL 5188229 (M.D. Fla. Aug. 27, 2019) (citations omitted). *See also Caamal v. Shelter Mortg. Co.*, LLC, No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013) (approving FLSA settlement providing separate consideration for a general release and non-disparagement clause). Additionally, a single amount or item may serve as consideration for multiple clauses within a settlement. *Ramos v. Acute Patient Care, Inc.*, No. 6:16-cv-1437-Orl-40GJK, 2017 WL 1379825, at *3 (M.D. Fla. Apr. 6, 2017), *report and recommendation adopted*, 2017 WL 1365642 (M.D. Fla. Apr. 14, 2017) (approving a settlement agreement providing a $5,000 payment for damages and a release from an automobile loan as a

8

consideration for a future employment waiver, general release, confidentiality, and non-disparagement provision). And the amount of consideration need not match the breadth of the waiver. *See Middleton v. Sonic Brands L.L.C.*, No. 6:13-cv-386-Orl-18, 2013 WL 4854767, at *2-*3 (M.D. Fla. Sept. 10, 2013) (approving a $100 payment as a consideration for a general release).

      Here, defendant provided separate consideration for the general release and the settlement of any non-FLSA claims. Doc. 14-1. Under the proposed agreement, 10 percent of the total settlement agreement amount ($750) is provided to plaintiff as separate and additional consideration for a general release provision in the agreement and the non-FLSA claims in the complaint. *Id.* ¶ 1. The proposed agreement does not explicitly state that the confidentiality clause is also contemplated by the consideration, *see id.*, but the joint motion makes it clear that the added consideration was given in exchange for the confidentiality provision. Doc. 14 at 12 ("Here, [p]laintiff is provided additional monetary compensation in return for the general release and confidentiality provisions. These additional provisions are therefore sufficient to justify these additional provisions in the [s]ettlement [a]greement.").[3] Thus, the Court may glean the parties' intentions about the scope of the consideration from the joint motion. *See Ramos*, 2017 WL 1379825, at *3, *5 (noting that while the FLSA settlement agreement did not explicitly state that a loan release was given as

---

[3] And as noted above, the total amount payable to plaintiff is $1,272.20 more than his claimed damages under the FLSA of $1,958.30.

consideration for the provisions, the Court interpreted the parties' statements in the joint motion for approval of settlement agreement as conveying that intention). Moreover, as the parties indicate, the confidentiality clause is limited; it allows plaintiff to disclose that his lawsuit was settled, and the settlement agreement is filed on the public docket. Thus, the confidentiality clause does not implicate the concerns typically raised by the inclusion of these clauses in resolving FLSA claims. Doc. 14 at 13.[4] In conclusion, I find that the general release and confidentiality provisions do not affect the overall fairness and reasonableness of the settlement agreement.

### A. Attorney's Fees and Costs

The parties explain that under the terms of the settlement agreement, plaintiff's counsel will be paid $4,519.50 for fees and costs, doc. 14-1 ¶ 1(b). Section 216(b) of the FLSA provides that "in addition to any judgment awarded to the plaintiff or plaintiffs, [a court shall] allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Sila v. Miller*, 307 F. App'x 349, 351 (11th Cir.

---

[4] Alternatively, if the Court finds this provision is not contemplated by the added consideration, the Court may strike it from the agreement and approve the settlement without that provision in accord with the agreement's severability clause. *See* doc. 14-1 ¶ 12 (outlining that if any provision in the settlement agreement is "deemed null, void, or inoperative for any reason, the provisions are severable and any remaining provisions shall remain in full force and effect.").

2009). If the attorney's fee was negotiated or agreed upon separately, regardless of the amount awarded to plaintiff, absent certain circumstances, the Court will approve the settlement without separately analyzing the reasonableness of the attorney fee amounts. *Bonetti*, 715 F. Supp. 2d at 1228.

The parties describe that under the terms of the settlement agreement, plaintiff's counsel will be paid $4,519.50, doc. 14-1 ¶ 1(b); but do not articulate whether the attorney's fees were separately negotiated from plaintiff's recovery, doc. 14. Thus, the Court must separately consider the reasonableness of the proposed fee. *Carlisle v. Compass Bank*, No. 2:19-cv-01966-JHE, 2021 WL 4523472, at *2 (N.D. Ala. Oct. 4, 2021) (citations omitted).

A "reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The product of these two figures is the lodestar and there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citations and quotations omitted). The parties assert the $4,519.50 is reasonable because plaintiff performed legal services including interfacing with client, analyzing time records and pay records, conducting research, responding to court-ordered discovery, reviewing defendant's discovery, and negotiating the settlement. Doc. 14 at 9.

The parties also explain the hourly rate charged by plaintiff's counsel is $325 per hour and that he spent 15.8 hours working on this equaling an amount of $5,135. Thus, the parties assert the rate agreed ($4,519.50) to is actually less than what is owed under a lodestar calculation. *Id.* I find the hourly rate, as further discounted by

11


plaintiff's counsel, to be reasonable under the circumstances, given counsel's training and experience. *See Arnold v. Eisman & Russo, Inc.*, No. 3:19-cv-769-J-34PDB, 2020 WL 4740518, at *11 (M.D. Fla. May 1, 2020), *report and recommendation adopted*, 2020 WL 2786872 (M.D. Fla. May 29, 2020) (finding that the prevailing market rate in Jacksonville, Florida for an attorney with more than 20 years specializing in wage and hour litigation was $350); *Lockwood v. CIS Servs.*, No. 3:16-cv-965-J-39PDB, 2019 WL 2226126, at *18 (M.D. Fla. May 3, 2019), *report and recommendation adopted*, 2019 WL 3383628 (M.D. Fla. May 29, 2020) (citations omitted) ("Bargained-for provisions on attorney's fees in a settlement agreement control the issue of attorney's fees. Because the parties agree to the requested rates as part of the settlement agreement, . . . , using those rates is appropriate."). And while the case settled before motion practice, an appropriate amount of time was spent on discovery, research, working with plaintiff, and negotiating the settlement. I note plaintiff did not submit supporting documents, such as billing records, and affidavits to support the request for attorney's fees; however, the settlement appears reasonable on its face as the amount recovered by plaintiff alone is greater than the amount asserted in his interrogatories; and the amount of fees and costs includes a portion for the filing fee of $ 402 and a fee for the process server of $55. Doc. 14 at 9-10.[5] Thus, there is no reason to believe plaintiff's recovery was affected by the fees paid to counsel.

---

[5] Filing fees and process server fees are recoverable in FLSA cases. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 685 (M.D. Fla. 2008) (citing *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988)).

## Recommendation[6]

I respectfully **recommend**:

1. The parties' Joint Motion to Approve Settlement Agreement, doc. 14, be **granted to the extent that the** Court enter an Order and Stipulated Final Judgment[7] **approving** the parties' settlement agreement;

2. This case be **dismissed with prejudice**;

3. The Clerk be directed to **close** the file.

**Entered** in Jacksonville, Florida, on May 18, 2023.

*[Signature]*
LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
The Honorable Marcia Morales Howard, United States District Judge
Shands M. Wulbern, Esquire
Christopher A. Anderson, Esquire
Patrice S. Arend, Esquire

---

[6] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Order, doc. No. 3, No. 8:20-mc-100-SDM, entered October 29, 2020, at 6.

[7] This recommendation is not intended to suggest that the Court enter judgment against defendant. Rather, this recommendation is that the Court enter a combined order and stipulated final judgment approving the parties' settlement agreement.